**UNITED STATES BANKRUPTCY COURT**          Hearing Date: July 15, 2026
**EASTERN DISTRICT OF NEW YORK**            Hearing Time: 10:00 AM
--------------------------------------------------------x

In re:                                              Chapter 11

Shri Radha Krishna Mandir Inc. aka Shree Radha      Case No. 26-40076-jmm
Krishna LLC,

     Debtor.


--------------------------------------------------------x

### NOTICE OF HEARING ON MOTION FOR ENTRY OF ORDER DISMISSING CHAPTER 11 CASE AND DIRECTING COUNSEL TO DISGORGE FEES

PLEASE TAKE NOTICE that a hearing shall be held on **July 15, 2026, at 10:00 AM** on the annexed motion filed by the United States Trustee seeking entry of an order dismissing the above-captioned chapter 11 case and directing counsel to disgorge fees (the "Motion"). The hearing shall be held before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, in Courtroom 3529 at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must be in writing and filed with the Bankruptcy Court by **July 8, 2026** (the "Objection Deadline") through the Court's electronic filing system. Instructions for electronically filing an objection can be found at www.nyeb.uscourts.gov. A copy of the objection must also be served, so as to be received by the Objection Deadline.

PLEASE TAKE FURTHER NOTICE that you may appear at the hearing in person, by phone or by videoconference. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed only to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at

1

https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1844 or JMM_Hearings@nyeb.uscourts.gov.

PLEASE TAKE FURTHER NOTICE that the hearing on the Motion may be adjourned without notice other than an announcement at the hearing.

Dated: New York, NY
May 28, 2026

**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By:

*/s/ Jeremy Sussman*
Jeremy Sussman, Esq.
Trial Attorney
Office of the United States Trustee
Region 2– Brooklyn Division
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, NY 10004-1408

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

In re:                                                                Chapter 11

Shri Radha Krishna Mandir Inc. aka Shree
Radha Krishna LLC,
                                                                      Case No. 26-40076-jmm

Debtor.
-------------------------------------------------------x

## MOTION FOR ENTRY OF ORDER DISMISSING CHAPTER 11 CASE AND DIRECTING COUNSEL TO DISGORGE FEES

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby moves (the "Motion") for entry of an order (i) pursuant to sections 1112(b) and 105(a) of title 11 of the United States Code (11 U.S.C. §§ 101-1532, as amended, the "Bankruptcy Code"), dismissing the above-captioned chapter 11 case (the "Bankruptcy Case") of the above-captioned debtor (the "Debtor"), and (ii) pursuant to sections 329(b) and 105(a) of the Bankruptcy Code and Rule 2017 of the Federal Rules of Bankruptcy Procedure, directing Karamvir Dahiya and the Dahiya Law Offices LLC (together, "Counsel") to disgorge all fees received in connection with the Bankruptcy Case, and in support thereof, respectfully represents as follows:

### PRELIMINARY STATEMENT

This chapter 11 case should be dismissed, and counsel should be directed to disgorge all fees received in connection with this case, because the petition improperly attempts to place two separate legal entities into a single bankruptcy case, was filed by an executive of the first entity who lacked authority to commence a bankruptcy case on behalf of the second entity, and was

structured in bad faith to invoke the protections of the automatic stay in connection with a foreclosure proceeding involving property owned by the second entity.

Shri Radha Krishna Mandir Inc. is a not-for-profit religious corporation that operates a Hindu temple in Queens, New York. Shree Radha Krishna LLC is a separate limited liability company owned by a former member of the Temple that holds title to the real property on which the Temple conducts its religious services and which the Temple occupies. On information and belief, the Temple hopes to acquire the property from the limited liability company.

Jhagroo Bachan, who signed and filed the petition, is affiliated with the Temple. However, the limited liability company—not the Temple—is the owner of the real property that is the subject of the foreclosure action. The petition appears to have been filed for the purpose of preventing or delaying a foreclosure sale, notwithstanding that the property is not property of the Temple's bankruptcy estate, to further the Temple's goal of acquiring the property from the limited liability company.

Dismissal is warranted for several independent reasons. First, the petition improperly attempts to administer two distinct legal entities, each with separate organizational structures and employer identification numbers, within a single bankruptcy case. Second, Mr. Bachan lacked authority to commence a bankruptcy case on behalf of the limited liability company. Third, the Temple has never owned the real property and is not a borrower under the mortgage. Finally, the petition was filed in bad faith and for the improper purpose of frustrating a pending foreclosure proceeding, to further the Temple's efforts to acquire the property, rather than facilitating a legitimate reorganization.

Counsel for the Debtor received a $25,000 retainer in connection with this case and, upon information and belief, knew or should have known that the two entities are separate legal

entities, that the Temple has no ownership interest in the real property at issue, and that there was no authority to commence a bankruptcy case on behalf of the limited liability company. Despite this, counsel assisted in structuring and filing a bankruptcy case that improperly combines the entities and seeks to invoke the protections of the Bankruptcy Code in bad faith.

Accordingly, this Court should dismiss this Bankruptcy Case in its entirety and direct counsel to disgorge all fees received in connection with the case.

## BACKGROUND

1. On January 7, 2026 (the "Petition Date"), a voluntary petition for relief under chapter 11 of the Bankruptcy Code was filed in the above-captioned case. *See* ECF No. 1 (the "Petition").

2. The Petition identifies the debtor as "Shri Radha Krishna Mandir Inc. aka Shree Radha Krishna LLC."

3. On information and belief, Shri Radha Krishna Mandir Inc. (the "Temple") is a not-for-profit religious corporation, and Shree Radha Krishna LLC (the "Holding Company") is a separate limited liability company.

4. On information and belief, the Temple and the Holding Company are distinct legal entities.

5. On information and belief, the Holding Company is wholly owned by Nadira Sharma ("Ms. Sharma"), a former member of the Temple.

6. On information and belief, the Holding Company holds title to the real property located at 12604 133rd Avenue, South Ozone Park, NY 11420 where the Temple conducts its religious services (the "Property").

7. On information and belief, the Temple has never held title to the Property.

8. The Petition was filed using the EIN number associated with the Temple.

9. The Petition was signed by Jhagroo Bachan ("Mr. Bachan") in his capacity as "President of the Temple."

10. On information and belief, Mr. Bachan lacked authority to commence a bankruptcy case on behalf of the Holding Company.

11. On information and belief, the Petition improperly included both entities in the Debtor's name and was filed to obtain the protections of the automatic stay with respect to a pending foreclosure action concerning the Property.

12. This Bankruptcy Case was filed approximately one week after dismissal of a bankruptcy case filed in the name of the Holding Company, captioned *In re Shree Radha Krishna LLC*, Case No. 24-45207-nhl.

13. Counsel received a $25,000 retainer in connection with the Bankruptcy Case. See ECF No. 5.

14. The United States Trustee conducted the section 341 meeting of creditors on February 9, 2026. The Debtor failed to appear.

15. The Debtor filed its Schedules and Statement of Financial Affairs on March 1, 2026. *See* ECF No. 13.

16. The Schedules list the Property as an asset of the Debtor's estate.

17. The United States Trustee reconvened and conducted the section 341 meeting on May 18, 2026, during which most of the facts and background forming the basis for this Motion were disclosed for the first time.

**RELIEF REQUESTED**

**I.      This Chapter 11 Case Should Be Dismissed**

Section 1112(b)(1) of the Bankruptcy Code provides in pertinent part that "on request of a party in interest" a bankruptcy court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter…for cause." 11 U.S.C. § 1112(b)(1); *see also In re BH S & B Holdings, LLC*, 439 B.R. 342, 346-47 (Bankr. S.D.N.Y. 2010) (finding cause for conversion or dismissal). "Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under § 1112(b)." *In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009). Section 1112(b)(4) of the Bankruptcy Code provides a list of sixteen circumstances that each constitute "cause" for conversion or dismissal of a chapter 11 case.  *See* 11 U.S.C. § 1112(b)(4). This "list is illustrative, not exhaustive." *In re C-TC 9th Avenue Partnership*, 113 F.3d 1304, 1311 (2d Cir. 1997). The Second Circuit has affirmed that "cause" for dismissal of a chapter 11 case also includes, among circumstances: (i) the petitioner failing to qualify as a "person" eligible for Chapter 11 relief, and (ii) the petition having been filed in bad faith. *See Id.*

Once a Court finds the existence of cause for conversion or dismissal, it must enter an order converting or dismissing a chapter 11 case "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1); see also In re Westhampton Coachworks, Ltd., 2010 Bankr. LEXIS 4967, 2010 WL 5348422, at *15-16 (Bankr. E.D.N.Y. 2010) (employing ten-part test to determine whether dismissal or conversion is in the best interests of creditors and the estate).

Here, "cause" exists to dismiss the Bankruptcy Case because the Petition is fundamentally defective and was filed in bad faith:

7

First, the Petition improperly attempts to place two separate legal entities into a single bankruptcy case despite the absence of any legal basis for substantive consolidation, joint administration, or the filing of a joint petition. Shri Radha Krishna Mandir Inc. and Shree Radha Krishna LLC are distinct entities with separate organizational structures, ownership, and tax identification numbers. The Bankruptcy Code does not permit unrelated entities to commence a single voluntary chapter 11 case merely by combining their names in a petition caption. *See* 11 U.S.C. § 301(a) (providing that a voluntary case is commenced by "an entity" filing a petition).

Second, the impropriety of the filing is compounded by the fact that Mr. Bachan, who signed the Petition solely in his capacity as "President of the Temple," lacked authority to commence a bankruptcy case on behalf of the Holding Company. A bankruptcy petition filed without proper corporate authority is invalid and constitutes cause for dismissal. Upon information and belief, the Holding Company is owned by Ms. Sharma and not controlled by the Temple or Mr. Bachan. Nevertheless, the Petition improperly sought to place the Holding Company and its assets within the protection of the Bankruptcy Code without lawful authorization.

Third, the circumstances surrounding the filing strongly indicate that the Bankruptcy Case was commenced in bad faith for the improper purpose of obtaining the protections of the automatic stay with respect to foreclosure proceedings involving property owned exclusively by the Holding Company. Although the Temple occupies the Property and is seeking to acquire it from the Holding Company, the Temple has never held title to the Property and is not a borrower under the mortgage, and therefore had no legitimate basis to invoke chapter 11 protections to prevent foreclosure against the property. Indeed, this Bankruptcy Case was filed approximately one week after dismissal of the Holding Company's prior bankruptcy case, strongly indicating

that the present filing was structured as an improper attempt to continue the benefit of the automatic stay through use of a different entity. Courts within the Second Circuit recognize that a chapter 11 petition filed solely to delay or frustrate secured creditor remedies, without a legitimate reorganizational purpose, constitutes bad faith and warrants dismissal for cause under section 1112(b). *See In re C-TC 9th Avenue Partnership*, 113 F.3d 1304, 1310-11 (2d Cir. 1997) (affirming dismissal of chapter 11 case where petitioner did not qualify to be a chapter 11 debtor and petition was filed in bad faith).

The United States Trustee respectfully submits that, because the Petition improperly combines two separate entities into a single bankruptcy case, was filed without authority as to the Holding Company, and was commenced in bad faith for the improper purpose of frustrating foreclosure proceedings through invocation of the automatic stay, cause exists under section 1112(b) to dismiss this Bankruptcy Case in its entirety.

**II.      Counsel Should Be Directed To Disgorge All Fees**

Attorneys for chapter 11 debtors are "officers of the court and fiduciaries." *In re Arlan's Dep't Stores, Inc.*, 615 F.2d 925, 943 (2d Cir. 1979). "[W]here attorneys fail to live up to their obligations as such officers and fiduciaries, all fees received by them should be required to be returned, with interest." *In re Mattocks*, 15 B.R. 379, 386 (Bankr. E.D.N.Y. 1981). Pursuant to section 329(b) of the Bankruptcy Code, a bankruptcy court may cancel any compensation agreement or order the return of compensation paid to the extent such compensation exceeds the reasonable value of the services provided. *See* 11 U.S.C. § 329(b). Bankruptcy courts also possess inherent authority under section 105(a) of the Bankruptcy Code to deny compensation and order disgorgement where counsel has acted improperly or where services were rendered in furtherance of a bad faith filing or abuse of the bankruptcy process.

Here, disgorgement is warranted because Counsel accepted a $25,000 retainer and assisted in filing a chapter 11 petition that was facially improper, unauthorized, and filed in bad faith. Upon information and belief, Counsel knew or should have known that Shri Radha Krishna Mandir Inc. and Shree Radha Krishna LLC are separate legal entities with separate organizational structures and separate employer identification numbers. Counsel likewise knew or should have known that the Temple did not own the Property that was the subject of the foreclosure proceedings and that the Holding Company—not the Temple—held title to the Property. Despite these readily ascertainable facts, Counsel filed a petition improperly combining both entities into a single bankruptcy case and invoked the protections of the automatic stay with respect to property that was not property of the Temple's bankruptcy estate.

Moreover, the Petition was signed solely by Mr. Bachan in his capacity as "President of the Temple," notwithstanding that, upon information and belief, he lacked authority to commence a bankruptcy case on behalf of the Holding Company. Counsel nevertheless structured and filed the Bankruptcy Case in a manner designed to extend bankruptcy protections to the Holding Company and its Property despite the absence of proper corporate authority. Additionally, the Schedules improperly listed the Property as an asset of the estate despite the Temple's lack of ownership interest. These circumstances further support a finding that the Bankruptcy Case was improperly filed and prosecuted and that Counsel should not be permitted to retain fees received in connection with the case. A debtor's counsel has an independent obligation to conduct a reasonable inquiry into the factual and legal basis for a bankruptcy filing before invoking the protections of the Bankruptcy Code. Counsel failed to satisfy that obligation here.

The totality of the circumstances of this filing demonstrate that the Bankruptcy Case was filed for the improper purpose of frustrating or delaying foreclosure proceedings following dismissal of the Holding Company's prior bankruptcy case. Rather than facilitating a legitimate reorganization, the Bankruptcy Case improperly sought to use the filing as a vehicle to continue the protections of the automatic stay for the benefit of the Temple as prospective purchaser of the Property. Counsel's participation in preparing, filing and prosecuting such a case constitutes sufficient cause to deny compensation and direct disgorgement of all fees received in connection with the Bankruptcy Case.

The United States Trustee respectfully submits that the Court should direct Counsel to disgorge the $25,000 retainer and any other fees received in connection with the Bankruptcy Case.

### NO PRIOR REQUEST

No prior motion for the relief requested herein has been submitted to this or any other court.

### JURISDICTION

This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### NOTICE

The United States Trustee will serve notice of this Motion upon the Debtor, Debtor's counsel, any party who filed a Notice of Appearance and the mailing matrix. The United States Trustee respectfully submits that such notice is appropriate and sufficient under the circumstances, and that no other or further notice is necessary or required.

11

**CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, (i) dismissing the Bankruptcy Case, (ii) directing counsel to disgorge all fees received in connection with the bankruptcy case, and (iii) granting such other and further relief as the Court deems just and proper.

Dated:   New York, NY
           May 28, 2026

**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By:

<u>*/s/ Jeremy Sussman*</u>
Jeremy Sussman, Esq.
Trial Attorney
Office of the United States Trustee
Region 2– Brooklyn Division
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, NY 10004-1408

<u>**Exhibit A**</u>

**Declaration in Support of Motion**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

In re:                                                                    Chapter 11

Shri Radha Krishna Mandir Inc. aka Shree Radha
Krishna LLC,
                                                                           Case No. 26-40076-jmm

                              Debtor.
-----------------------------------------------------------x

## DECLARATION IN SUPPORT OF MOTION FOR ENTRY OF ORDER DISMISSING CHAPTER 11 CASE AND DIRECTING COUNSEL TO DISGORGE FEES

Jeremy Sussman hereby declares as follows:

1.       I am a trial attorney with the Office of the United States Trustee in Region 2.

2.       I submit this Declaration in support of the motion of the United States Trustee to dismiss the above-captioned Chapter 11 case (the "Bankruptcy Case") of the above-captioned debtor (the "Debtor").

3.       On January 7, 2026 (the "Petition Date"), a voluntary petition for relief under chapter 11 of the Bankruptcy Code was filed in the above-captioned case. See ECF No. 1 (the "Petition").

4.       The Petition identifies the debtor as "Shri Radha Krishna Mandir Inc. aka Shree Radha Krishna LLC."

5.       On information and belief, Shri Radha Krishna Mandir Inc. (the "Temple") is a not-for-profit religious corporation, and Shree Radha Krishna LLC (the "Holding Company") is a separate limited liability company.

6.       On information and belief, the Temple and the Holding Company are distinct legal entities.

7.       On information and belief, the Holding Company is wholly owned by Nadira Sharma ("Ms. Sharma"), a former member of the Temple.

8.       On information and belief, the Holding Company holds title to the real property located at 12604 133rd Avenue, South Ozone Park, NY 11420 where the Temple conducts its religious services

14

(the "Property").

9.     On information and belief, the Temple has never held title to the Property.

10.     The Petition was filed using the EIN number associated with the Temple.

11.     The Petition was signed by Jhagroo Bachan ("Mr. Bachan") in his capacity as "President of the Temple."

12.     On information and belief, Mr. Bachan lacked authority to commence a bankruptcy case on behalf of the Holding Company.

13.     On information and belief, the Petition improperly included both entities in the Debtor's name and was filed to obtain the protections of the automatic stay with respect to a pending foreclosure action concerning the Property.

14.     This Bankruptcy Case was filed approximately one week after dismissal of a bankruptcy case filed in the name of the Holding Company, captioned In re Shree Radha Krishna LLC, Case No. 24-45207-nhl.

15.     The United States Trustee conducted the section 341 meeting of creditors on February 9, 2026. The Debtor failed to appear.

16.     The Debtor filed its Schedules and Statement of Financial Affairs on March 1, 2026. See ECF No. 13.

17.     The Schedules list the Property as an asset of the Debtor's estate.

18.     The United States Trustee reconvened and conducted the section 341 meeting on May 18, 2026, during which most of the facts and background forming the basis for this Motion were disclosed for the first time.

*I declare under penalty of perjury that the information contained in this Declaration is true and correct to the best of my knowledge.*

Dated:     New York, NY
               May 28, 2026

                                        By:     */s/ Jeremy Sussman*
                                                  Jeremy Sussman
                                                  U.S. Department of Justice

15

Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, NY 10004-1408

**Exhibit B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re:                                                                  Chapter 11

    Shri Radha Krishna Mandir Inc. aka Shree
    Radha Krishna LLC,
                                                                        Case No. 26-40076-jmm
                        Debtor.
-------------------------------------------------------x

### ORDER DISMISSING CHAPTER 11 CASE AND
### DIRECTING COUNSEL TO DISGORGE FEES

Upon the motion (ECF No. __, the "Motion") of William K. Harrington, United States

Trustee for Region 2 (the "United States Trustee"), for entry of an order (i) pursuant to sections

1112(b) and 105(a) of title 11 of the United States Code (11 U.S.C. §§ 101-1532, as amended,

the "Bankruptcy Code"), dismissing the above-captioned chapter 11 case (the "Bankruptcy

Case") of the above-captioned debtor (the "Debtor"), and (ii) pursuant to sections 329(b) and

105(a) of the Bankruptcy Code and Rule 2017 of the Federal Rules of Bankruptcy Procedure,

directing Karamvir Dahiya and the Dahiya Law Offices LLC (together, "Counsel") to disgorge

all fees received in connection with the Bankruptcy Case; and the Court having found that

appropriate notice of the Motion was given and that no further notice is required under the

circumstances; and the Court having conducted a hearing on the Motion on _____; and

objections to the relief sought in the Motion, if any, having been overruled or withdrawn at the

hearing; and the Court having found that cause exists for dismissing the Bankruptcy Case and

that dismissal of the Bankruptcy Case is in the best interests of creditors and the estate; and the

Court having found that the preparation and filing of this case by Counsel was improper under

the circumstances and provided no value to the estate and creditors; now therefore, it is hereby

ORDERED, that, pursuant to 11 U.S.C. § 1112(b), the Bankruptcy Case is hereby

dismissed; and it is further

ORDERED, that, within ten (10) days of the date of entry of this order, Counsel shall (a) disgorge all fees received in connection with the Bankruptcy Case, and (b) file a letter docket stating the date the disgorgement was made, the amount disgorged, the party to whom the disgorgement was made, which letter shall include as an exhibit proof of transfer of the disgorged funds.

ORDERED, that, within ten (10) days of the date of entry of this order, the Debtor shall (a) file all outstanding monthly operating reports through the date of this Order, and (b) pay to the United States Trustee the appropriate sums required, if any, pursuant to 28 U.S.C. § 1930 and any applicable interest thereon.