UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x Case No. 1-26-40076-nhl
In Re:

SHRI RADHA KRISHNA MANDIR INC.,                    Chapter 11
aka SHREE RADHA KRISHNA LLC,
dba SHREE RADKHA KRISHNA MANDIR INC.,

                         Debtor,

-----------------------------------------------------------x

## DECLARATION OF JOSEPH CHURGIN

in Opposition for Order pursuant to Federal Rule of Bankruptcy Procedure 2004
Directing Examination of Nadira Sharma


JOSEPH A. CHURGIN, an attorney duly admitted to practice law in this

Court states the following under the penalties of perjury:

1.     I am the attorney for Nadira Sharma.

2.     I submit this Declaration in opposition to the motion for order

pursuant to federal rule of bankruptcy procedure 2004, based upon my

knowledge and the documents in my legal file.

### Brief Introduction

3.     The request for the 2004 examination should be denied.   This

bankruptcy filing is a sham filing.   The purported Debor is not a debtor at all.

Counsel has listed the debtor as "Shri Radha Krishna Mandir Inc." as an "aka" to

"Shree Radha Krishna LLC" to mask the fact that it is not the actual Debtor Shree

Radha Krishna LLC which previously filed for bankruptcy relief in 2023 and 2024.

1

The purported debtor Shri Radha Krishna Mandir Inc. has no creditors and is being propped up as a tool to improperly obtain the examination of Nadira Sharma, the widow of the late pastor of the Congregation.

4. The United States Trustee has filed a Motion to Dismiss this Chapter 11 case for exactly the same reasons we are opposing the 2004 hearing. *Please see* Document 36.

<u>False Filing</u>

5. The Debtor, as listed in the Petition in this 2026 case, is Shri Radha Krishna Mandir Inc. aka Shree Radha Krishna LLLC dba Shree Radha Krishna Mandir Inc.

6. The debtor, as listed in the Petition in the 2023 Chapter 11 case (23-42976) and the 2024 Chapter 11 case (24-45207) is Shree Radha Krishna, LLC.

7. These are two different entities. Shri Radha Krishna Mandir Inc. (the "Inc." or "corporation") is a domestic Not-For-Profit corporation that runs the Congregation; and Shree Radha Krishna, LLC (the "LLC") is a domestic limited liability company that <u>owns</u> the property 126-04 133rd Avenue, South Ozone Park, New York 11420. There is no Assumed Name filing with the State of New York for *Shree Radha Krishna Mandir Inc.*, that we could find.

8. The debts of the LLC as the property owner, which were at issue in the 2023 and 2024 Chapter 11 cases cannot now be included in the Petition brought by the Inc. in this 2026 Chapter 11 case as its own debts. The Inc. has no obligation to pay the LLC's debts.

2

9. Annexed as **Exhibit "A"** is the 2023 Chapter 11 Petition filed by the LLC (Case 23-42976).

10. Annexed as **Exhibit "B"** is the 2024 Chapter 11 Petition filed by the LLC (Case 24-45207).

11. Annexed as **Exhibit "C"** is the 2026 Chapter 11 Petition filed by the Inc. in this Case 26-40076.

12. The Inc. is acting as if it is the property owner. It should not be seeking relief which it is not entitled to receive from this Court.

13. Annexed as **Exhibit "D"** is the corporate entity information for the Inc. from the New York State Division of Corporations, reflecting it was incorporated in 1998.

14. Annexed as **Exhibit "E"** is the corporate entity information for the LLC from the New York State Division of Corporations, reflecting it was incorporated in 2014.

15. Annexed as **Exhibit "F"** is the Certificate of Incorporation of the Inc. filed on March 4, 1998.

16. Annexed as **Exhibit "G"** is the Operating Agreement for the LLC dated July 23, 2014.

17. Annexed as **Exhibit "H"** is the Filing Receipt for the Articles of Organization of the LLC bearing a date of July 23, 2014.

18. Annexed as **Exhibit "I"** is the Internal Revenue Service Letter listing the EIN for the LLC.

19.     The Inc. and the LLC are two separate entities – not an "aka".

False Declaration

20.     The Debtor's form 202 "*Declaration Under Penalty of <u>Perjury</u> for Non-Individuals Debtors*" (Docket No. 13) also contains false statements. The document makes it appear as if the Inc. owes $1,500,000 to Woodbury Asset Management (see official form 204 page 1). There are only <u>two</u> creditors listed on this form: (1) NYC Department of Finance with a claim of $151,048; and (2) Woodbury Asset Management with a claim of $1,500,000.   Both state the nature of the claim is 126-04 133rd Avenue, South Ozone Park, New York 11420, which is the address of the property that is owned by the LLC, not the Inc. (*See* Deed, annexed as **Exhibit "J"**). There is <u>no</u> deed out. The LLC is in title today!

21.     In 2022, Woodbury Asset Management filed a foreclosure action against the LLC, not the Inc. *See* Complaint, annexed as **Exhibit "K"**.   In May of 2023, Woodbury Asset Management obtained a judgment of foreclosure and sale against the LLC (See Judgment of Foreclosure and Sale, **Exhibit "L"** annexed). The Inc. is not mentioned at all.   There is no judgment against the Inc. That is why we claim this proceeding commenced by the Inc. as a sham.

Prior Bankruptcies

22.     In 2023, after Woodbury Asset Management obtained it Judgment of Foreclosure and Sale, the LLC filed a Bankruptcy Petition under Case 23-42976.   In order to delay the sale of the Property, the LLC filed a Chapter 11 Proceeding.   (Ex. "A" annexed).   However, the Chapter 11 Proceeding by the

4

LLC was dismissed. Annexed as **Exhibit "M"** is the *Order Dismissing Chapter 11 Case,* entered March 15, 2024.

23. In 2024, the LLC <u>again</u> filed a Petition (Ex. "B" annexed) which was dismissed (see *Order Dismissing Case* 24-45207 entered February 3, 2025, **Exhibit "N"** annexed).

24. Recognizing the obvious impropriety of filing three successive Petitions on behalf of the LLC, the corporation has filed a Petition on behalf of the LLC, claiming the LLC's debts are those of the corporation.

25. This is improper behavior that should not be rewarded with a 2004 examination.

Unauthorized Filing

26. This Bankruptcy Petition was signed by Jhagroo Bachan as "President of the Temple". That is the corporation. Mr. Bachan has <u>no</u> authority over the LLC. Nadira Sharma signed the first Bankruptcy Petition as "sole member" of the LLC (*see* Ex. "A" annexed). Mr. Bachan's signature on the Petition in this case (Ex. "C" annexed) is not authorized by the LLC.

Harassment by Debtor

27. This attempt to conduct an examination of Mrs. Sharma is a litigation tactic that should not be countenanced. Mrs. Sharma is the wife of Rabindranath Sharma, who was the spiritual leader of the Church from 1997 until his death in May of 2018. After her husband passed away, Nadira Sharma

5

attempted to carry on his legacy and preserve the Church.

28.    In August of 2023, the Church voted on a new Executive Board of the Inc.   The new Board requested that Mrs. Sharma turn over all of the records she had of the Inc.   A copy of the letter from the Inc. is annexed as **Exhibit "O"**. Mrs. Sharma immediately complied, turning over far more materials than were requested.   A copy of her letter, with a signature of receipt is annexed as **Exhibit "P"**.

29.    At this point, all of these years later, the request to conduct a 2004 examination of her by the Inc., who is <u>not</u> a Debtor, in a sham Bankruptcy case is nothing but harassment.


WHEREFORE, on behalf of our client Nadira Sharma, we respectfully request that this Court deny the motion seeking an order pursuant to Federal Rule of Bankruptcy Procedure 2004, to conduct an examination of Nadira Sharma.


Dated: Nanuet, NY
      June 3, 2026

*Joseph Churgin*

_____

JOSEPH A. CHURGIN