# EXHIBIT K

# EXHIBIT K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------------X
WOODBURY ASSET MANAGEMENT INC.,

                    Plaintiff,

        -against-

SHREE RADHA KRISHNA, LLC,
ABL ONE, LLC
NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,
NEW YORK CITY PARKING VIOLATIONS BUREAU,
NEW YORK STATE DIVISION OF TAXATION & FINANCE,

and "JOHN DOE NO. 1" to "JANE DOE NO. 10",
inclusive, the last ten names being fictitious and unknown
to plaintiff, the persons or parties intended being persons,
corporations or others, having an interest in, or lien upon,
or tenants, occupants, or persons in possession of, the
mortgaged property, or any part thereof, described in the
Complaint,

                   Defendants.
--------------------------------------------------------------------------X

Index No.:

**SUMMONS**
**Commercial Mortgage**
**Foreclosure [Not subject to**
**CPLR 3408 requirements.]**

TO THE ABOVE-NAMED DEFENDANTS:

       YOU ARE HEREBY SUMMONED to answer the Complaint in the above captioned action and to serve a copy of your Answer on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the date of service, or within thirty (30) days after completion of service where service is made in any manner other than by personal delivery within the State. The United States of America, if designated as a Defendant in this action, may answer or appear within sixty (60) days of the service hereof. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

       QUEENS COUNTY is designated as the place of trial. The basis for venue is the location of the mortgaged premises.

Dated: Hempstead, New York
      February 17, 2022

                              LAWRENCE and WALSH, P.C.

                              By:
                                John Tangel, Esq.
                                Attorneys for Plaintiff
                                215 Hilton Avenue
                                Hempstead, New York 11551

RECEIVED NYSCEF: 02/23/2022

Ph.: (516) 538-2400

To:

SHREE RADHA KRISHNA, LLC
126-04 133rd Avenue, Queens, NY 11420
[Serve by Secretary of State]

ABL ONE, LLC
66 Hudson Street, Suite 301, Hoboken, NJ 07030
[Serve by Secretary of State]

NEW YORK CITY ENVIRONMENTAL CONTROL BOARD
66 John Street
New York, NY 10038
[Serve by NYC Corporation Counsel]

NEW YORK CITY PARKING VIOLATIONS BUREAU
66 John Street
New York, NY 10038
[Serve by NYC Corporation Counsel]

NEW YORK STATE DIVISION OF TAXATION & FINANCE
Office of Processing and Taxpayer Services
W A Harriman Campus Albany, New York 12227
[Serve by NYS Attorney General]

"JOHN DOE NO. 1" to "JANE DOE NO. 10"
Occupants residing at the Religious Structure located at
126-04 133rd Avenue, Queens, NY 11420

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
WOODBURY ASSET MANAGEMENT INC.,

Index No.:

Plaintiff,

**VERIFIED COMPLAINT**
**Commercial Mortgage**
**Foreclosure [Not subject to**
**CPLR 3408 requirements.]**

-against-

SHREE RADHA KRISHNA, LLC,
ABL ONE, LLC,
NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,
NEW YORK CITY PARKING VIOLATIONS BUREAU,
NEW YORK STATE DIVISION OF TAXATION & FINANCE,

and "JOHN DOE NO. 1" to "JANE DOE NO. 10",
inclusive, the last ten names being fictitious and unknown
to plaintiff, the persons or parties intended being persons,
corporations or others, having an interest in, or lien upon,
or tenants, occupants, or persons in possession of, the
mortgaged property, or any part thereof, described in the
Complaint,

Defendants.
-------------------------------------------------------------------------X

Plaintiff WOODBURY ASSET MANAGEMENT INC., by his attorneys, Lawrence and

Walsh, P.C., as and for a Verified Complaint respectfully alleges as follows:


**PARTIES**

1.      At all relevant times herein, WOODBURY ASSET MANAGEMENT INC.

(hereinafter, "Plaintiff"), having a principal place of business at 8 Wagamon Drive, Woodbury,

NY 11797 is the owner and holder of the Mortgage Note and the Mortgage, as defined below,

and the related loan documents given in connection with said Mortgage Note and Mortgage and

the making of the loan therein described (hereinafter, the "Loan Documents").

2. Upon information and belief, at all relevant times herein, defendant SHREE RADHA KRISHNA, LLC, (hereinafter, the "Borrower" or, the "Mortgagor") is a New York Religious Corporation having an address of with offices located at 126-04 133rd Avenue, Queens, NY 11420 and is the owner of the real property, improvements and appurtenances located at 126-04 133rd Avenue, Queens, NY 11420 as more fully described in *Schedule "A"* attached hereto and made a part hereof (hereinafter, the "Mortgaged Property"). Upon information and belief, the Mortgaged Property is a religious structure.

3. NEW YORK CITY ENVIRONMENTAL CONTROL NEW YORK CITY PARKING VIOLATIONS BUREAU, and NEW YORK STATE DIVISION OF TAXATION & FINANCE is/are named to adjudicate the liens more fully described in *Schedule "B"* attached hereto and made a part hereof. ABL ONE, LLC is a registered foreign limited liability company named defendant to expunge an erroneously recorded satisfaction of mortgage against the Mortgaged Property.

4. "JOHN DOE NO. 1" through "JANE DOE NO. 10" are persons and/or entities whose identities are unknown at this time but who are made a party hereto to bar them from any right, title, or interest that they may have in the Mortgaged Property, or some part thereof, by reason of the fact that they have, or may have, claims which may be liens on the Mortgaged Property, or as tenants, occupants or persons in possession of the Mortgaged Property.

### THE CONSOLIDATED MORTGAGE TO BE FORECLOSED

5. For valuable consideration, defendant Borrower executed, acknowledged and delivered to Plaintiff's predecessor, ABL One, LLC a Building Loan Note, executed on June 10, 2016, in the principal amount of SIX HUNDRED THOUSAND AND 00/100 DOLLARS ($600,000.00) (hereinafter, the "Note") the terms of which Note are incorporated by reference in

the Building Loan Agreement between defendant Borrower and ABL One LLC filed July 12, 2016 as Control No. 002084349-01 (the "Building Loan Agreement") which Note terms are amended and restated in a certain Consolidated Note defined herein.

6. To secure repayment of the Note, defendant Borrower executed, acknowledged, and delivered a Building Loan Mortgage dated June 10, 2016 (the "Mortgage"), granting Plaintiff, among other things, a mortgage lien upon the Mortgaged Property, which Mortgage was recorded on July 8, 2016, in the Office of the Register of the City of New York for the County of QUEENS, in CRFN 2016000231353, and the mortgage recording tax was duly paid thereon. A true and correct copy of the Mortgage is attached hereto as *Exhibit "A"* and made a part hereof.

7. The Building Loan Mortgage was assigned to Plaintiff by ABL One, LLC, together with all of its interest in the Note, by Assignment of Mortgage dated March 29, 2018, and recorded April 6, 2018, as CRFN 2018000115732 (the "Assignment"). A true and correct copy of the Assignment is attached hereto as *Exhibit "B"* and made a part hereof.

8. For valuable consideration, defendant Borrower executed, acknowledged, and delivered to Plaintiff's a Gap Note, executed on April 3, 2018, in the principal amount of TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) (hereinafter, the "Gap Note") the terms of which Gap Note are amended and restated in a certain Consolidated Note defined herein. A true and correct copy of the Gap Note is attached hereto as *Exhibit "C"* and made a part hereof.

9. To secure repayment of the Gap Note, defendant Borrower executed, acknowledged, and delivered a Gap Mortgage dated April 3, 2018 (the "Gap Mortgage"), granting Plaintiff, among other things, a mortgage lien upon the Mortgaged Property, which

RECEIVED NYSCEF: 02/23/2022

Mortgage was recorded on April 6, 2018, in the Office of the Register of the City of New York for the County of QUEENS, in CRFN 2018000115733, and the mortgage recording tax was duly paid thereon. A true and correct copy of the Gap Mortgage is attached hereto as *Exhibit "D"* and made a part hereof.

10. For valuable consideration, defendant Borrower executed, acknowledged, and delivered to Plaintiff's a Consolidated Note, executed on April 3, 2018, in the principal amount of EIGHT HUNDRED THOUSAND AND 00/100 DOLLARS ($800,000.00) (hereinafter, the "Consolidated Note") the terms of which Consolidated Note are stated therein. A true and correct copy of the Consolidated Note is attached hereto as *Exhibit "E"* and made a part hereof.

11. To secure repayment of the Consolidated Note, defendant Borrower executed, acknowledged and delivered a Modification, Consolidation and Extension Agreement dated April 3, 2018 (the "Consolidated Mortgage"), pursuant to which the Building Loan Mortgage and the Gap Mortgage were consolidated to form a single lien in the amount of EIGHT HUNDRED THOUSAND AND 00/100 DOLLARS ($800,000.00) and granting Plaintiff, among other things, a single consolidated mortgage lien upon the Mortgaged Property, which Consolidated Mortgage was recorded on April 6, 2018 in the Office of the Register of the City of New York for the County of QUEENS, in CRFN 2018000115734. A true and correct copy of the Consolidated Mortgage is attached hereto as *Exhibit "F"* and made a part hereof.

12. The foregoing Consolidated Mortgage has not been assigned by Plaintiff, who has been at all times herein, and remains, owner and holder of the Consolidated Note and Consolidated Mortgage.

## LOAN MATURITY DEFAULT

13. The default is based upon Borrower's failure to pay the entire unpaid principal balance and all accrued and unpaid interest, fees and other amounts and charges specified in the Note by September 1, 2019, the "Maturity Date" of the Note.

14. Pursuant to the express terms of the Note, "all outstanding principal and accrued interest due and fees and other amounts and charges specified in the Note shall be due and payable" on September 1, 2019 (the "Maturity Date"). The defendant Borrower is in default having failed to pay all outstanding principal and accrued interest due and fees and other amounts and charges specified in the Note on the Maturity Date and such default continued for more than ten (10) days after the Maturity Date. Neither the Note nor the Mortgage require service of a notice or demand as a condition precedent to a foreclosure action based on a loan maturity date default.

15. The Note at paragraph 4 provides that, in the event of default, interest shall accrue at twenty-four percent (24%) per annum from the default date and, pursuant to the Note at paragraph 6, Plaintiff may collect a late fee of five percent (5.0%) of any scheduled payment that is more than ten (10) days past due.

16. Pursuant to the Mortgage terms, Plaintiff has the right, among others, to foreclose the Mortgage and the security interest granted therein and that Plaintiff is entitled to the appointment of a receiver of the Mortgaged Property and of the rents thereof. The Mortgage further provides that in case of a sale under foreclosure, the Mortgaged Property may be sold in one parcel.

17. There is now justly due and owing the Plaintiff under the Note, the aggregate sum of not less than EIGHT HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($800,000.00), plus interest on the principal balance and all advances (whether heretofore or

hereafter made) at the default rate as set forth in the Note, together with late fees, prepayment penalties and all costs and expenses including attorneys' fees in accordance with the provisions of the Note and the Mortgage.

18.     To the extent that any partial payment of amounts due under the Note is tendered or accepted after the commencement of this action, Plaintiff does not waive, alter, release, or change its election to foreclose the Mortgage Note and such election shall continue and remain effective.

19.     To the extent that this complaint should be dismissed or withdrawn, or the action discontinued for any reason whatsoever, the Plaintiff's election to accelerate by the filing of this complaint and by the Notice of Default shall be deemed to be rescinded and the loan shall be deemed to be deaccelerated.

20.     In order to protect its collateral as afforded by the Mortgage, Plaintiff may be compelled during the pendency of this action to pay taxes, assessments, water, or sewer rates, insurance premiums, receivers fees, expenses, and other charges affecting the Mortgaged Property, and requests that any sums paid by it be added to the amount otherwise due and deemed secured by the liens and security interests afforded by the Mortgage, and adjudged valid liens on the Mortgaged Property.

## AS AND FOR A FIRST CASUE OF ACTION
### [Commercial Mortgage Foreclosure]

21.     The Mortgaged Property should be sold at foreclosure subject to, if applicable, (a) any state of facts an accurate survey might disclose provided title is not rendered unmarketable thereby; (b) covenants and restrictions, easements, encumbrances, prior liens, and reservations of record, if any, and any violations thereof; (c) zoning laws and building regulations of the

municipality in which the Mortgaged Property is situated and any violations thereof; (d) violations of municipal departments, if any; (e) physical condition of any building or structure on the Mortgaged Property; (f) rights of tenants in possession, if any, but only to the extent that any of said tenancies are not barred or foreclosed by this action; (g) rights of redemption of the United States of America; and (h) all unpaid real estate taxes, assessments, water charges and sewer rents, which are liens upon the Mortgaged Property but are not due or payable as of the time of the sale. In addition, the purchaser of the Mortgaged Property at any foreclosure sale shall be required to pay all applicable local and state transfer taxes, deed stamps or other taxes due in connection with the transfer of such property.

22. Upon information and belief, all the defendants hereto have or claim to have some interest in or lien upon the Mortgaged Property, which interest or liens, if any, have accrued subsequent to the lien of Plaintiff's Mortgage, or are otherwise, junior, subject, and subordinate thereto.

23. In the event that Plaintiff possesses any other liens against the Mortgaged Property either by way of a junior mortgage or otherwise, the Plaintiff requests that such other liens shall not be merged into the cause of action set forth in this complaint, but that the Plaintiff shall be permitted to enforce said other liens and seek determination of the priority thereof in any independent action or proceeding including, without limitation, any surplus money proceeding.

24. No proceeding or action other than this action have been brought to recover any part of the indebtedness due under the Note, or for the enforcement and foreclosure of the liens and security interests afforded by the Mortgage, or any part thereof, and no such proceeding or action is pending.

25. The Mortgage should be foreclosed, in accordance with its terms, the request for judgment set forth in the "WHEREFORE" clause below, and applicable law.

## AS AND FOR A SECOND CASUE OF ACTION
### [RPAPL Art. 15 Action to Expunge Erroneously Recorded Mortgage Satisfaction]

26. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 hereof as though fully set forth herein.

27. On April 23, 2018, ABL One., LLC erroneously recorded a Satisfaction of Mortgage as CRFN 2018000133814 (the "Satisfaction") which recites the Building Loan Mortgage as being paid and that the mortgage has not been assigned. A true and correct copy of the Satisfaction is attached hereto as *Exhibit "G"* and made a part hereof.

28. The Satisfaction was executed and submitted for recording in error. The outstanding debt secured by the Building Loan Mortgage has not been repaid and remains a valid obligation due the Plaintiff. Therefore, said satisfaction is ineffective and should not be an impediment to title. Accordingly, Plaintiff respectfully requests that the satisfaction be expunged of record.

29. In addition, the Satisfaction is ineffective because it was recorded after the Building Loan Mortgage and Note had already been assigned of record to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment (a) on the First Cause of Action, that the Mortgage on the Mortgaged Property be foreclosed, (b) with respect to the foreclosure of the Mortgage: (1) the defendants and all persons claiming under them, subsequent to the filing of a notice of pendency of this action in the office of the Clerk of the County of QUEENS, in which the Mortgaged Property is situated, be barred and foreclosed of all right, claims, liens and equity

Dated: Hempstead, New York
February 17, 2022

LAWRENCE and WALSH, P.C.

By: _____
John Tangel, Esq.
Attorneys for Plaintiff
215 Hilton Avenue
Hempstead, New York 11551
Ph.: (516) 538-2400

RECEIVED NYSCEF: 02/23/2022

## VERIFICATION

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NASSAU    )

DAVID MOYETT, being duly sworn deposes and says:

I am PRESIDENT of WOODBURY ASSET MANAGEMENT INC., the plaintiff in the within action, and have read the foregoing Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true; and the grounds of my belief as to all matters not stated upon my knowledge are based upon the books, records, documents in my possession and conversations with certain non-party witnesses.

Name: DAVID MOYETT

Title: PRESIDENT

Sworn before me this 17 day of February 2022

Notary Public

JOHN TANGEL
Notary Public, State of New York
No. 02TA6054075
Qualified in Nassau County
Commission Expires

DEC 14, 2022